UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ERNEST R. WOODS ) | |
| ) | Case No. 1:09-CV-137 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| HAMILTON COUNTY JAIL, *et al*. ) | |
| ) | |

**MEMORANDUM**

Before the Court is Defendants Hamilton County Jail ("Jail"), Kelvin Pell ("Pell"), Sheriff Jim Hammond ("Hammond"), and Hamilton County, Tennessee ("Hamilton County") (collectively, "Defendants") motion for summary judgment (Court File No. 15) and supporting memorandum (Court File No. 16). Plaintiff did not file a response.[1]

For the following reasons, the Court concludes there are no genuine issues of material fact and will therefore **GRANT** Defendants' motion for summary judgment.

**I.   FACTS AND PROCEDURAL HISTORY**

This action stems from an altercation between Plaintiff and Pell on August 13, 2008, while Plaintiff was held as a pre-trial detainee at the Hamilton County Jail. Pell was placing an inmate into Plaintiff's cell when Plaintiff stepped into the door of his cell and asked to speak to a supervisor (Court File No. 4 ("Complaint") p. 3; Court File No. 18 ("Pell Affidavit") ¶ 4). Pell warned Plaintiff if he did not return to his cell there would be a problem (Complaint p. 4; Pell Affidavit ¶ 4). There are two different versions of the events following this warning.

In support of Defendants' version of the events, Defendants have submitted affidavits from

---

[1] Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. E.D.TN. LR7.2.

Pell, Officer Jeff Owens ("Owens"), the Criminal Court Clerk of Hamilton County, Gwen Tidwell ("Tidwell"), and Deputy Chief Richard Shockley, who reviewed the video footage of the incident in response to the Inmate Grievance filed by Plaintiff, as well as the Uniform Arrest Report documenting Plaintiff's August 13, 2008 arrest for assault on Pell ("Arrest Report"). According to this version, Pell again ordered Plaintiff back into his cell, but he refused to comply. Pell reached for Plaintiff's arm and Plaintiff lowered his shoulder and struck Pell in the ribs, pushing him against the wall (Pell Affidavit ¶ 4; *see also* Pell Affidavit Exh. 2- Photo of Pell's bruised rib; Court File No. 21-2 ("Arrest Report")). Pell attempted to restrain Plaintiff by pulling him to the ground while calling for Owens to assist (Pell Affidavit ¶ 5; Complaint p. 4). When Owens arrived, Pell had Plaintiff pinned to the ground and Plaintiff continued resisting being handcuffed (*id.*; Court File No. 17 ("Owens Affidavit") ¶ 4; Complaint p. 4). Owens had to use several muscle strikes to encourage Plaintiff's compliance (*id.*). After his third muscle strike, Owens was able to restrain Plaintiff's arm behind his back and place the handcuffs on him (Owens Affidavit ¶ 4). Plaintiff continued to struggle, refusing orders to stop fighting even after he was restrained and was placed in another cell where his restraints were removed by Sergeant Minton (Pell Affidavit ¶ 5; Owens Affidavit ¶ 4).

Plaintiff describes an entirely different version of events in his *pro se* complaint (Court File No. 4), which is unsupported by any evidence in the record. After Pell ordered Plaintiff to return to his cell, Pell grabbed Plaintiff, put him in a choke hold and held him on the floor until Owens arrived (Complaint p. 4). After handcuffing the plaintiff, the officers raised Plaintiff to his feet and Pell, with handcuffs around his fist "began beating [him] with the handcuffs" giving Plaintiff "a black eye, broke my dentures" (*id.*). Plaintiff had to go to the emergency room with injuries to his

2

back, neck and head and a doctor advised him he "had a fracture in [his] head" (*id.*).

Following the altercation, Plaintiff was charged with Assault on a Police Officer in the Hamilton County Sessions Court, Case No. 1327724 (Arrest Report). This charge was bound over to the Grand Jury on September 9, 2008, after a preliminary hearing determined probable cause (*id.* p. 1; Court File No. 21 ("Tidwell Affidavit") ¶ 3). Plaintiff remained in custody until the charge was dismissed by the State in July 2009 following a period of good behavior (Court File No. 21-3; Tidwell Affidavit ¶ 5).

Plaintiff filed an Inmate Grievance on August 23, 2008, contending he was assaulted by some officers resulting in hospitalization for back, neck, shoulder and head injuries and this assault should have been recorded on video (Court File No. 22-1). Shockley reviewed the referenced video for the criminal charges brought against Plaintiff and never saw Pell place Plaintiff in a choke hold or beat Plaintiff with handcuffs (Court File No. 22 ("Shockley Affidavit") ¶ 3). This same video was reviewed by Captain Johnson Swope, Lieutenant Harold Lasley, and Officer Shaun Adams in response to Plaintiff's Inmate Grievance and as indicated on the Grievance form. These officers "could not find any assault by responding officers Pell or Owens" (Shockley Affidavit ¶ 5; Court File No. 22-1).[2] Accordingly, based on the lack of any evidence of assault and Plaintiff's criminal charge of assault on a police officer, his Inmate Grievance was denied (Shockley Affidavit ¶ 5).

Plaintiff filed the instant action in June 2009, asserting civil rights violations under 42 U.S.C.

---

[2]This video is no longer available because the jail-wide video recording system records over itself approximately every 45 days and videos are not preserved unless a specific request is made (Shockley Affidavit ¶ 4). No request was made and the instant lawsuit was not filed until June 12, 2009, approximately ten months after the incident (*id.*)

§ 1983 and state law claims of assault and battery.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party has the initial burden to show "there is no dispute regarding any genuine issue of material fact, and this burden can be satisfied" by showing "there is no evidence underlying the nonmoving party's case." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008). In responding to a properly supported motion for summary judgment, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.*; Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). The moving party is entitled to summary judgment

4

if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323.

In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

Plaintiff claims Officer Pell deprived him of his constitutional right to be free from the use of excessive force and Pell's actions during the altercation constituted an assault and battery. Plaintiff also asserts Sheriff Hammond, Hamilton County Jail, and Hamilton County are liable for providing improper training to jail personnel. Defendants contend the actions taken by Pell and Owens were reasonable and there is simply no evidence an assault and battery occurred. Furthermore, Defendants argue there is no basis for a failure to train claim.

**A. Section 1983**

Plaintiff sued under 42 U.S.C. § 1983 for alleged violations of rights secured to him by the Fourth and Fourteenth Amendments of the United States Constitution. To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A suit against a municipality involves a two-prong inquiry. *Cash v. Hamilton County Dep't of Adult Prob.,* 388 F.3d 539, 542 (6th Cir. 2004).

The court must determine whether the plaintiff has been deprived of a constitutional right and whether the municipality is responsible for the violation. *Id.*

A suit against an official in his official capacity is construed as a suit against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, the claims against Pell and Hammond in their official capacities are construed as claims against Hamilton County. The doctrine of respondeat superior does not apply to § 1983 lawsuits. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Plaintiff seeks to impose direct liability based on Defendants Hamilton County, Hammond, and the Jail's failure to train. Inadequacy of police training can serve as the basis for liability under § 1983 only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

The Court will address each of Plaintiff's claims in turn.

### 1. Officer Kelvin Pell

Plaintiff contends Pell used excessive force when he put Plaintiff in a "choke hold" and beat him. Pell denies the use of a choke hold and contends his actions in restraining Plaintiff were reasonable and were not excessive. Defendants also assert the defense of qualified immunity as Pell's conduct did not violate a clearly established constitutional right of which a reasonable person would have known.

Plaintiff's excessive force claim is properly analyzed under an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether or not a use of force is reasonable requires balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."

*Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Determining reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Garner*, 471 U.S. at 8-9)**.** Plaintiff bears the burden of proving the force used was unjustified in order to state a constitutional deprivation. *Miller v. Taylor*, 877 F.2d 469, 472 (6th Cir. 1989). The reasonableness of an officer's actions is calculated with "allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain and rapidly evolving- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

Pell asserts the defense of qualified immunity. There are two parts to the qualified immunity analysis: (1) whether, viewing the facts in the light most favorable to the plaintiff, there was a violation of the plaintiff's constitutional right(s), and (2) whether the right was clearly established to a reasonable person, such that its violation would be objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). If either of the prongs is answered in the negative, the individual officer is entitled to qualified immunity. *See Saucier*, 533 U.S. at 201.

There is no dispute Plaintiff had stepped into the doorway of his cell and was ordered by Pell to go back inside. It is also undisputed Pell was acting under color of state law during the confrontation with Plaintiff. Plaintiff's claims of choke holds and sustaining a severe beating while restrained is unsupported by any evidence and fails to create a genuine issue of fact. Instead, the evidence in the record establishes the only force used on Plaintiff was to restrain him after

7

*Plaintiff* assaulted Pell and repeatedly refused to follow orders (Pell Affidavit, Arrest Report, Court File No. 18-2 (photo of Pell's ribs), Owens Affidavit, Tidwell Affidavit). Plaintiff cannot satisfy the burden of proving an unjustified use of force when the only evidence supports a finding Pell used force only to restrain Plaintiff when he refused to comply with the officer's repeated orders and assaulted Pell. Because Plaintiff cannot establish a violation of a constitutional right, Pell is entitled to qualified immunity under the first part of the qualified immunity analysis.

Based on the evidence in the record, a jury could not find in favor of the plaintiff and summary judgment is appropriate on this claim. Accordingly, Plaintiff's claim against Defendant Kelvin Pell is **DISMISSED**.

### 2. Hamilton County Jail

Hamilton County Jail is not subject to suit under § 1983 because it is merely a department of the Hamilton County Sheriff's Office and the Sheriff's Department is not a separate legal entity subject to suit under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at * 2 (6th Cir. Nov. 6, 2000). Plaintiff's claims against Hamilton County Jail are appropriately asserted against Hamilton County. See Fed. R. Civ. P. 17(b); Tenn Code Ann. § 5-1-105.

Accordingly, Plaintiff's claims against Hamilton County Jail are **DISMISSED**.

### 3. Sheriff Jim Hammond and Hamilton County

Plaintiff alleges Sheriff Jim Hammond and Hamilton County are liable based on their failure to train officers in proper use of force. Because Plaintiff's claim against Sheriff Hammond is only in his official capacity, it is construed as a claim against Hamilton County. *See Will*, 491 U.S. at 68. In order for Hamilton County to be liable, there must be a direct causal link between a municipal

policy or custom and the alleged constitutional violation. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff must demonstrate "the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001).

The Supreme Court has held municipalities may constitute "persons" acting under color of state law subject to § 1983 liability. *Monell*, 436 U.S. 658. There are two relevant questions to answer in analyzing § 1983 claims against municipalities. First, was the plaintiff's harm caused by a constitutional violation? If yes, was the city responsible for that violation? *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *accord Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). "It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694; *accord Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

Plaintiff has failed to establish a constitutional violation occurred at the hands of Defendant Pell acting in his individual capacity, Pell is likewise entitled to summary judgment in his official capacity as an officer of Hamilton County. Plaintiff sued Hamilton County and Sheriff Hammond as being responsible for improper training, but absent a constitutional violation by Pell, there is no basis to impose liability on the municipality. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized [a constitutional violation] is quite beside the point."). Furthermore, Plaintiff has failed to put forth probative facts to support a claim of a custom or policy and conclusory allegations in the complaint are insufficient to withstand

9

summary judgment. *See Warren v. Shelby County, Tenn.*, 191 F. Supp.2d 980, 984-85, 987 (W.D. Tenn. 2001).

The Court finds the facts viewed in the light most favorable to the plaintiff could not support a jury verdict in favor of the plaintiff on the § 1983 claims against Pell in his official capacity, Hamilton County and Sheriff Hammond. Therefore, the Court will grant summary judgment in favor of Defendants and Plaintiff's claims against them will be **DISMISSED**.

### B. Assault and Battery

It appears Plaintiff's complaint also alleges state law claims of assault and battery against Pell and possibly against Hamilton County. Because Plaintiff has failed to demonstrate a genuine issue of material fact, summary judgment is also appropriate as to Plaintiff's state law claims.

Assault is an "intentional attempt or the unmistakable appearance of an intentional attempt to do harm to another person, and the present ability or the unmistakable appearance of the present ability to do that harm." *Raines v. Shoney's, Inc.*, 909 F. Supp. 1070, 1083 (E.D. Tenn. 1995). Battery is "any intentional, unlawful and harmful (or offensive) physical contact by one person with the person of another." *Thompson v. Williamson County*, 965 F.Supp. 1026, 1038 (M.D. Tenn. 1997), *aff'd*, 219 F.3d 555 (6th Cir. 2000); *Raines*, 909 F. Supp. at 1083. Plaintiff has not alleged probative facts to support his claims of assault and battery. In light of Plaintiff's undisputed refusal to comply with Pell's orders to return to his cell, Plaintiff's assault on Pell, and the role of the officer in maintaining order in the prison environment, there is no evidence of an intentional unlawful harm. The evidence in the record compels the conclusion Pell, aided by Owens, used force to restrain Plaintiff and in self-defense, responding to Plaintiff's assault on Pell. Plaintiff's general allegations

of assault and battery in the complaint are entirely without support and do not raise a genuine dispute of fact.

To the extent Plaintiff asserts state law claims against Hamilton County, they stem from Pell's alleged intentional torts. Because Hamilton County is a government entity, the Tennessee Governmental Tort Liability Act ("GTLA") determines whether it is immune from suit. Tenn. Code Ann. § 29-20-201(a) ("all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions"). Immunity from suit is waived for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment" unless the injury arises out of enumerated exceptions. *Id.* § 29-20-205.

Governmental entities can be held liable for intentional torts such as assault and battery, which are not specifically enumerated in § 29-20-205(2), where a negligent act proximately causes injury to the plaintiff. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 81 (Tenn. 2001); *McNabb v. City of Memphis*, No. 03-2334, 2004 WL 2384958, *4 (W.D. Tenn. March 8, 2004) ("The decision in *Limbaugh* does not allow a governmental entity to be sued directly for the intentional torts of assault and battery; it merely removed governmental immunity for these intentional torts that are caused by a negligent act or omission of the governmental entity."). Thus, in order for Hamilton County to be held liable for assault and battery, Plaintiff must demonstrate a negligent act or omission leading to the intentional tort. Plaintiff has failed to establish a triable issue of fact on his assault and battery claims and there are no facts to support a negligent act by Hamilton County.

Accordingly, the Court finds summary judgment is warranted on Plaintiff's state law claims against all the defendants and **GRANTS** Defendants' motion on the remaining state law claims of

assault and battery.

## IV. CONCLUSION

Having considered the parties' submissions and evidence in the record, and for the reasons stated above, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 15).

An Order shall enter.

                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**